FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
LAUREN WOODLAND (SBN 283052)
laurenw@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff*
*Coastal Helicopters, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL HELICOPTERS, LLC a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>TRK HELICOPTERS LTD., a Canadian Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:21-cv-5293<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Contract;<br>2. Specific Performance; and<br>3. Breach of Implied Covenant of Good Faith and Fair Dealing<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff COASTAL HELICOPTERS, LLC, a Delaware Limited Liability Company ("Plaintiff" or "Coastal") hereby complains against Defendant TRK Helicopters LTD, ("Defendant" or "TRK") and DOES 1 through 10, inclusive (the "Defendants"), and alleges as follows:

## SUMMARY OF DISPUTE

1. Coastal and TRK (collectively, the "Parties") entered into a written Purchase and Sale Agreement (the "Agreement") in or about May 2021, in which Coastal agreed to purchase, and TRK agreed to sell, a 1976 Bell 205 A-1 helicopter, with a registration of C-GPWT and the serial number 30231 (the "Aircraft").

2. Pursuant to the Agreement, TRK was obligated to install and replace indispensable equipment identified in Attachment "A" of the Agreement to make the Aircraft compliant with United States Federal Aviation Administration ("FAA") regulations and therefore capable of being delivered from TRK in Canada to Coastal in California.

3. The Agreement specifically provided that "time is of the essence" for TRK's performance and stated a deadline of June 18, 2021 for the Aircraft to be delivered to Coastal.

4. TRK breached the agreement by failing to make the required equipment installations on Attachment "A" and failing to make delivery of the Aircraft by the agreed upon deadline.

5. Then TRK wrongfully repudiated the Agreement when it sent a letter to Coastal on or around June 23, 2021 in which it purported to terminate the Agreement.

6. Upon information and belief, TRK did so in order to lease the Aircraft to a third party during the height of fire season in Canada so that it could immediately benefit financially.

7. As a result of TRK's breaches of the Agreement and breach of the covenant of good faith and fair dealing implied therein, Plaintiff has suffered general and consequential damages in excess of hundreds of thousands of dollars and

continues to incur additional damages on a daily basis.

**PARTIES**

8.  Plaintiff Coastal Helicopters, LLC is, and all times relevant hereto was, a limited liability company incorporated under the laws of Delaware and registered to do business in the State of California.

9.  Defendant TRK Helicopters, Ltd. is a Canadian helicopter charter service company with its headquarters and main office in Langley City, British Columbia, Canada.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will advise the Court and seek leave to amend this Complaint when the true names and capacities of each such Defendant has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each such Defendant designated as a DOE is responsible in some manner for the events and happenings referred to herein or as hereinafter specifically alleged.

**JURISDICTION AND VENUE**

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because (a) there is complete diversity of citizenship between the parties, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Plaintiff Coastal Helicopters, LLC's sole member is 7/13/7, LLC a California limited liability company. 7/13/7 LLC's sole member is Tom Tom LLC, a Nevada limited liability company. Tom Tom LLC's sole member is Blue + Taz Intervivos Settlement Trust, a Cook Island Trust. Kristine Peterson is the Trustee of the Blue + Taz Intervivos Settlement Trust. Kristine Peterson is a resident of the State of Hawaii, United States of America.

13. Defendant TRK Helicopters, Ltd. is a company formed under the laws of Canada with its principal place of business in Langley City, British Columbia, Canada.

14. Venue is proper under 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. In the alternative, venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendant is subject to the court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

15. Plaintiff and Defendant are both engaged in the business of helicopter operations and related helicopter services including providing helicopters used for charters, construction, firefighting, and search and rescue.

16. On or about May 28, 2021, Plaintiff and Defendant, through their authorized representatives, entered into a valid written Agreement wherein Plaintiff agreed to purchase from Defendant, and Defendant, agreed to sell to Plaintiff, the Aircraft. Randy Marks ("Marks"), the President of TRK, entered into the Agreement on behalf of TRK as its authorized representative.

17. The Agreement expressly sets forth a series of pre-purchase terms that were to be completed before final delivery of the Aircraft to Plaintiff.

18. Pursuant to Section 4.1 of the Agreement, Plaintiff first made a deposit of $63,000 into escrow to initiate the pre-inspection process set forth in the Agreement.

19. Defendant then made the Aircraft available to Plaintiff so that Plaintiff could conduct its pre-purchase inspection of the Aircraft.

20. On or about June 2, 2021, Alpine Aerotech LP ("Alpine")—a third-party helicopter support company hired by Plaintiff—conducted the pre-purchase inspection to evaluate the condition of the Aircraft and to identify needed repairs and equipment.

21. Plaintiff then directed a sum of $13,000 to be released from escrow to TRK, pursuant to Section 4.1 of the Agreement.

22. On or about June 2, 2021, Alpine sent the results of the pre-purchase inspection to Plaintiff. It included a list of repairs that Alpine identified as necessary to make the Aircraft acceptable and airworthy. Plaintiff subsequently notified Defendant of the identified repairs.

COMPLAINT
3

4814-2768-3555, v. 1

23. Defendant informed Plaintiff that it had completed the repairs identified by Alpine and sent Plaintiff pictures to confirm the completion of such repairs.

24. On or about June 11, 2021, Plaintiff signed to confirm Defendant's completion of the initial repairs. However, Defendant still had not completed the equipment installations listed in Attachment "A".

25. At this time, Plaintiff's representatives asked Defendant's Director of Maintenance, Kevin Veldhuis ("Veldhuis"), how much additional time it would take for Defendant to install the additional equipment required for delivery to Plaintiff in California. Veldhuis informed Plaintiff's representative that it would take an additional five days, which to this date has yet to be completed.

26. Pursuant to Sections 4.1 and 4.2 of the Agreement, Defendant was obligated to install in the Aircraft the equipment listed in Attachment "A" including two items that are required for FAA compliance: (1) a GDL-82/radar altimeter; and (2) two TDFM 136 Digital Radios.

27. Without the installation of either piece of equipment, the Aircraft is not compliant with FAA regulations and cannot be lawfully delivered to or flown within the United States.

28. Further, upon completion of the items in Attachment "A," Defendant was obligated to have its Director of Maintenance, Veldhuis, "review the work completed to ensure it is in compliance with this agreement and in addition was completed [in accordance with] the Bell Helicopter Manual."

29. Pursuant to Section 4.4 of the Agreement, Defendant was obligated to complete all repairs, additional equipment installations, and the subsequent compliance review sufficiently in advance of the Agreement's delivery date of June 18, 2021.

30. Defendant failed to meet the deadline. As of June 23, 2021 Defendant still had not completed the installation of the equipment listed in Attachment "A," nor had Veldhuis conducted any subsequent review of the installation. In fact, on or about

June 23, Veldhuis expressly affirmed his company's failure to complete the installation of the necessary equipment to Plaintiff and its representatives.

31.   Also on or about June 23, 2021, Defendant, through its President, Marks, sent a letter to Plaintiff wrongfully repudiating and purporting to terminate the Agreement.

32.   Upon information and belief, Defendant, through its authorized representative and President, Marks, intentionally denied Plaintiff the benefit of its Agreement with Defendant so that Defendant could immediately financially profit from leasing the Aircraft to a third party for use during peak fire season. In fact, as late as June 23, 2021, Veldhuis told Plaintiff's representatives that he was sorry that the Agreement was terminated by Marks. Further, Veldhuis, without having any good faith basis for making such statement, told Plaintiff he knew Plaintiff would have done the same thing if Plaintiff had the opportunity to lease the Aircraft out for $30,000 per day for firefighting.

33.   Plaintiff has already suffered hundreds of thousands of dollars in consequential damages as a result of Defendant's breach and bad faith denials of contract, and continues to suffer tens of thousands of dollars in damages each day that Plaintiff is not able to purchase and take possession of the Aircraft.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract)

34.   Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

35.   Plaintiff and Defendant entered into and duly signed and valid written Agreement wherein Plaintiff agreed to buy from Defendant and Defendant agreed to sell to Plaintiff, the Aircraft.

36.   Except for those terms and conditions that have been waived or excused by Defendant's conduct and breach, Plaintiff has fully performed all conditions,

covenants, and promises under the Agreement.

37. Defendant breached the Agreement by failing to complete the installations set forth in Attachment A of the Agreement, by failing to conduct a subsequent inspection of those installations, and by failing to do so by the agreed upon deadline.

38. Defendant further breached the Agreement, by refusing to perform under the Agreement and by refusing to sell the Aircraft to Plaintiff.

39. As a result of the Defendant's breach of the Agreement, Plaintiff has been wrongfully denied ownership of the Aircraft.

40. Defendant's breaches actually and proximately caused Plaintiff to suffer millions of dollars in general and consequential damages including, amongst other things:

    a. Unrealized profits from third-parties from its use and exploitation of the undelivered Aircraft;

    b. The difference between the Market Price and the Contract Price;

    c. Loss of future business with third-parties;

    d. Other general and consequential damages; and

    e. Damage to Plaintiff's goodwill and reputation.

## SECOND CAUSE OF ACTION
### (Specific Performance)

41. Plaintiff hereby realleges, and by this reference incorporates herein, each and every foregoing allegation as though fully set forth herein.

42. The Agreement is certain in its terms. The subject matter of the Agreement is a 1976 Aircraft, which is unique, easily identifiable, and irreplaceable in character.

43. Plaintiff has provided adequate consideration and the terms of the Agreement are fair, just, and reasonable to Plaintiff and to Defendant.

44. Plaintiff has performed all of its obligations under the Agreement. Any

obligation that it has not performed is excused by Defendant's breaches of, and failure to perform, the Agreement.

45. Defendant has failed and refused to perform its obligations under the agreement including its obligation to complete the installation of equipment listed in Attachment "A" and make a subsequent inspection of that installation and failing to deliver the Aircraft to Plaintiff at all, let alone by the June 18, 2021 deadline.

46. Defendant materially breached the Agreement.

47. The subject of the Agreement is a unique 1976 Aircraft, and Plaintiff's legal remedy of damages is therefore inadequate.

48. Plaintiff was at all times, and is now, ready, willing, and able to perform all conditions and covenants required on its part to be performed, in accordance with the terms and conditions of the Agreement.

49. Plaintiff is entitled to an order specifically compelling Defendant to perform all of the terms, conditions, and covenants of the Agreement, including all required equipment installations and subsequent inspections, and to sell and deliver the Aircraft to Plaintiff.

50. Plaintiff is further entitled to consequential damages caused by Defendant's failure to timely perform the Agreement, according to proof.

### THIRD CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

51. Plaintiff hereby realleges, and by this reference incorporates herein, each and every foregoing allegation as though fully set forth herein.

52. There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

53. Instead of selling the Aircraft to Plaintiff, Defendant, through its agents, Marks and Veldhuis, wrongfully terminated the Agreement so that it could lease the Aircraft to a third party for its own immediate financial benefit.

54. In doing so, Defendant, through its agents, Marks and Veldhuis, intentionally deprived Plaintiff of the benefits of the Agreement and thereby breached the implied covenant of good faith and fair dealing.

55. Defendant's breach has caused Plaintiff to suffer general and consequential damages in excess of hundreds of thousands of dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For specific performance of the Agreement;
2. Alternatively, for general, incidental, consequential, and compensatory damages, in an amount to be proven at trial but in excess of $3 million;
3. For pre-judgment and post-judgment interest;
4. For such other relief as the Court may deem proper.

Dated: June 29, 2021                    NOVIAN & NOVIAN LLP

                                        By:    /s/ Farhad Novian
                                               FARHAD NOVIAN
                                               LAUREN WOODLAND

                                               Attorneys for Plaintiff Coastal
                                               Helicopters, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Coastal Helicopters, LLC hereby demands a jury trial in this action.

Dated: June 29, 2021

NOVIAN & NOVIAN LLP

By: */s/ Farhad Novian*
FARHAD NOVIAN
LAUREN WOODLAND

Attorneys for Plaintiff Coastal Helicopters, LLC

COMPLAINT
9
4814-2768-3555, v. 1